Pro Se 14(Rev.12/16) Complaint for Violation of Civil Rights (Prisoner)

**UNTED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DITRICT GEORGIA**
**WAYCROSS DIVISION**

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2026 APR -7 A 11: 16

CLE___ _____
SO. DIST. OF GA.

HAYFORD ADJABENG )
         **Petitioner(s)** )
)
)
         **vs.** )
)
)
     **Respondent(s)** )
WARDEN FOLKSTON ICE )
PROCESSING CENTER, ET ,AL )

Date: 04-02-2026

Case No. 5:26cv 447

**Bivens Civil Action 1983**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHT
## UNDER 42 U.S.C § BIVENS CLAIM

1. Respondents have unlawfully held Petitioner ADJABENG HAYFORD in immigration detention at the GEO Folkston ICE Processing Center, Folkston Georgia on the 4th of October, 2024 even though the federal government has no ability to remove him from the United States in the reasonable foreseeable future.

2. The petitioner remained detained at the Folkston ICE Processing Center for 18 months.

3. ADJABENG HAYFORD is a non-citizen from Ghana who has lived in the U.S. For approximately 7 years, and who currently resides in 128 longford drive,Summerville ,SC.29843.

4. In or around November 23th, 2020, ADJABENG HAYFORD was arrested and wrongfully charged him with two(2) count of alleged attempted murder.

5. The alleged charges remained pending for over 5(five) years without a decision.

6. After being arrested in Charleston,South Carolina, ADJABENG HAYFORD was granted bail November 24th ,2020.

7. Petitioner was released on bail by the Charleston County Court on January 14th 2021.

1

8. Petitioner remained on bail in Charleston South Carolina for the alleged pending charges for until October 3rd ,2024.

9. The record shows that Petitioner was taken by ICE on October 3rd ,2024 without a warrant when he was leaving the residence he shares with his wife.

10. The Petitioner was surrounded by eight ICE agents with guns drawn. , he was illegally pulled out of his vehicle and placed him in handcuffs and transported to Dorchester County Jail where he booked in for a night then transported the 4th October 2024 to the CHARLESTON ICE FIELD OFFICE for processing after that transported in a Van for 5 hours while hands and ankles where cuffed together.

## JURISDICTION

**This is a civil action brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The Court has Jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 2201 (Federal Question) and Article I, Section 9, Clause 2 of the U.S. Constitution (Suspension Clause), as Petitioner is currently in custody under the color of the authority of the U.S. In violation of the Constitution, laws, or treaties thereof.**

## VENUE

11. Venuelies in the U.S. District of Georgia because the Petitioner is currently detained at the Georgia Folkston ICE Processing Center in Folkston Georgia. See 28 U.S.C. § 1331. In addition, venue is proper as Respondents are officers, employees or agencies of the United States; a substantial part of the events or omissions given rise to his claims occurred in this district; the petitioner resides in this district; and no real property is involved in this action. See 28 U.S.C. § 1391.

## PARTIES

12. Petitioner ADJABENG HAYFORD is a resident of South Carolina who arrived in the U.S. as a permanent residence. He is presently being detained for immigration purposes at the direction of the DHS's ICE Georgia field office in Folkston Georgia.

13. Repondents are WARDEN FOLKSTON ICE PROCESSING CENTER, ET AL

2

## FACTS ALLEDGED

14. ADJABENG HAYFORD is a 41-year-old who was born in Ghana.

15. ADJABENG HAYFORD has been a resident of the U.S. For the past 7 years. He currently lives in Summerville, SC.

16. In or around 2024 , ADJABENG HAYFORD was placed in removal proceedings over abandonment.

17. On or around  9/4/2024,  INS served a notice to appear to commence removal proceedings against  ADJABENG HAYFORD.

18. On or around 11/26/2024, ADJABENG HAYFORD was denied bond an immigration court judge due to his pending alleged criminal charges..

19. On or around 05/10/2025, ADJABENG HAYFORD was denied bond an immigration court judge due to his pending alleged criminal charges..

20. On or around 07/24/2025, ADJABENG HAYFORD was ordered removed by an immigration court judge due to his pending alleged criminal charges..

21. On or around 08/12/2025 Petitioner further appeals under the Fifth Amendment's Due Process Clause because the IJ failed to provide Petitioner an opportunity to pursue INA 212(h) relief prior to issuing an order of removal.

22. On or around 09/22/2025, ADJABENG HAYFORD was denied bond an immigration court judge due to his pending alleged criminal charges..

23. On or around 02/27/2026, The Board of Immigration Appeals (BIA) Administratively erroneously withdrew ADJABENG HAYFORD appeal which prejudiced the entire case.

24. On or around 03/11/2026 The Board of Immigration Appeals (BIA) Administratively reopen case which is currently pending.

25. It is an abuse of discretion of the IJ to use Petitioner alleged State of South Carolina pending criminal charges against him on his EOIR42A when the IJ made statements supporting alleged pending criminal charges provides no insight to help the IJ in his decision during the merits hearing.

26. It is an abuse of discretion of the IJ's to use Petitioner alleged State of South Carolina pending criminal charges against him without a corroborating evidence to support claim without conviction.

3

27. The Petitioner has a Constitutionally-Protected liberty interest in freedom from government Custody. Zadvydas, 121 S. ct . At 2498- 2501. Petitioner unlawful indefinite detention Constitutes irreparable harm. *See Seretse-Khoma v. Ashcoft*, 215 F. Supp. 2D 37,53 ( D.D.C 2002) ( Ordering Release under Zadvydas bases on substantial likelihood of success and finding that continued unlawful detention constitutes irreparable harm)

28. ICE cannot seriously contend that Petitioner is too dangerous to be released . Moreover , Zadvydas does not permit ICE to indefinitely detain Petitioner based on allegations of criminal dangerousness alone. Having a criminal record is an insufficient reason to refuse to release an alien after the six month removal period has expired. Id. Rather, U.S. Supreme Court demanded that the "dangerousness rationale be accompanied by some other special Circumstance, such as mental illness, that helps to create danger." Id. In its analysis, the Court reiterated the need to protect an individual's due process right guaranteed by the Fifth Amendments. Id. At 692 ( noting a "serious constitutional problem arising out of a Statute that... permit indefinite , perhaps permanent, deprivation of human liberty"). The Court also suggested that the Constitution prohibited an administrative agency from making unreviewable decisions affecting one's fundamental right. Id.

29. To implement Zadvydas, the Government established regulations setting forth a detailed quesi civil commitment proceeding that it must follow in order to continue to detain an Alien whose removal is not significantly likely to occur in the reasonably foreseeable future. See 8 C.F.R. § 241.14. These regulations established a review procedure in immigration Court, which ICE itself must initiate, whenever ICE seeks to indefinitely detain an alien. ICE's regulations  list only four circumstances where an Alien may remain in even though his or her removal is not reasonably foreseeable: (1) where the alien has a highly contagious disease , (2) where serious adverse foreign policy consequence would result from the alien's release , (3) for security or terrorism concerns, or (4) where the alien is determined to be specially dangerous. Id.

30. Petitioner does not fall into any of these categories , and ICE has not initiated any of the procedures required to certify Petitioner as falling into any of these categories. To the extent ICE is arguing that it can continue indefinitely detaining Petitioner on the grounds that he is "specially dangerous," it has not even attempted to comply with its own extensive procedure to obtain such a classification. See 8 C.F.R. 241.14(f)-(g), (i) here, ICE has not obtained a certificate of special dangerousness from the Commissioner, it has not ordered that Petitioner undergo a medical examination, and it has not initiated a reasonable cause proceeding in Immigration Court. ICE's own regulations provide that without proving "special dangerousness" by clear and convincing evidence before an Immigration Judge, ICE does not have the ability to indefinitely detain an alien who has no significant likelihood of being removed within six month period. In short ICE has not followed its own rules, or the due process demanded by the U.S. Constitution and by Zadvydas. It follow that ICE's assertions that Petitioner can be indefinitely detained due to his criminal record should carry no weight whatsoever in this Courts determination

31. The Constitution, is a basic component of a fair trial under the **Justice System of the United State of America**. The presumption plays an important role impressing upon us the fact "one accused of a crime, is entitled to have his guilt or innocence determined solely on the basis of evidence adduced at trial and not on the grounds of official suspension,indictment,continued custody or other circumstance not adduced at trial". The presumption of innocence is similar in principle to Due process in many respect. To minimize the danger of depriving defendant's of their liberty, The Supreme Court has continuously held in *Speiser v. Randall*, both principles command that no man shall lose his liberty unless the government has borne the burden of producing evidence and sufficiency of proof of guilt beyond a reasonable doubt, convincing the fact finder of his guilt.

32. Pursuant to *Walker v. Lowe 2016*, the 9th Circuit has continuously held that the primary point of reference for justifying an aliens continue detention must be whether the civil detention is necessary to achieve the Status goal:(1)ensuring participation in the removal proceedings(2)protecting the community from the danger that he poses.Petitioner holds Immigration and Customs Enforcement(ICE) is acting arbitrary to the goals of the Statues and is holding Petitioner in an arbitrary and overzealous manner and is using detention as a means to rehabilitate. To date Petitioner is proven to be in attendance of all removal and criminal proceedings and has not been convicted of any crimes, including but not limited to any aggravated felonies or crimes of moral turpitude... The Petitioner also holds that the alleged pending charge on his record has no degree of finality as there is non-exhaustion of appellate review. *See Pino v. Landon.*

33. It is also the assertion of the Petitioner that the continues detention is in direct infringement of the right constitutionally granted to him. These include the right to a fair trial and the right to a speedy trial. It must be noted , that if the Defendant is detained , he is unable to participate in the criminal justice proceeding to assert his innocence. With the violations of these right , As in the matter of *Mathews v. Eldridge . 424 U.S. 319, 335, 96 S. Ct 893, 47 L. Ed. 2D 18 (1976)* , The private interest of freedom and liberty is being directly affected by the official action of Immigration and Customs Enforcement (ICE). By being detained , the action of ICE are arbitrary,capricious and with an abuse of discretion.

5

## CLAIMS FOR RELIEF
## COUNT ONE

### VIOLATIONS OF 8 U.S.C. § 1231(a)

34. The foregoing allegations are allegations are realleged and incorporated herein.

35. ADJABENG HAYFORD is currently in the custody of the Respondent under or color of the authority of the United States, based on his detainment at the GEO FOLKSTON ICE PROCESSING CENTER IN FOLKSTON GEORGIA.

36. ADJABENG HAYFORD's detention violates 8 U.S.C§1231(a)

37. ADJABENG HAYFORD is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the united states, that ADJABENG HAYFORD is neither a flight risk nor a danger,and that he has not violate condition of his order of Bail release in South Carolina under the bail reform act(BRA). Thus, ICE has no permissible basis for deprivation ADJABENG HAYFORD of his liberty, in violations of U.S.C. § 1231(a) as well as its respective implementing regulations. A judicial order requiring ADJABENG HAYFORD immediate release from custody would remedy Respondent's unlawful conduct.

## COUNT TWO

### VIOLATIONS OF THE FITH AMENDMENT'S RIGHT TO DUE PROCESS

38. Petitioner continued detention by Immigration and Custom Enforcement ( ICE) is unlawful and contravenes 8 U.S.C Ss 1231(a) (b) as interpreted by the U.S supreme Court in Zadvydas . Under the Due Process Clause of the Fifth Amendment, alien is entitled to a timely and meaningful opportunity to demonstrate the s/he should not be detained .Petitioner in this case been denied that opportunity. ICE does not make decision concerning aliens' custody status in neutral and impartial manner .The failure of Respondent to provide a neutral decision maker to review the continued custody of Petitioner violates Petitioner's rights to procedural due process.

6

## COUNT THREE

## VIOLATIONS OF FIFTH AMENDMENT'S RIGHT TO SUBSTANTIVE DUE PROCESS

39. Petitioner re-alleges and incorporates by reference the paragraphs above as though fully set forth herein.The Due process Clause of the Fifth Amendment forbids the government from depriving any "person" of liberty "without due process of law" U.S Const. Amend. V.

40. Petitioner has either been detained or his liberty severely restricted while on an order of supervision by South Carolina County Court, since his release from state custody. Over 4 years of actual and constructive detention has taken place after his removal period began. *See Jones V. Cunnigham*, 371 U.S. 236 (1963).

41. Immigration and Custom Enforcement ( ICE) detention is unlawful and contravenes 8 U.S.C Ss 1231(a) (b) as interpreted by the U.S supreme Court in Zadvydas. Six month presumptively reasonable period for continued removal effort has expired . Petitioner still has not been removed, and for the reasons outline above in the previous paragraphs . Petitioner removal is not reasonably foreseeable. The Supreme Court held in Zadvydas and Martinez that ICE's continue detention of someone after six months without deportation is not reasonable foreseeable unreasonably and in violations of U.S.C. Ss 1231 (a)533 U.S. At 701.

## COUNT FOUR

## VIOLATIONS OF FIFTH AMENDMENT OF THE U.S CONSTITUTION

## PRECEDURAL DUE PROCESS

42. Plaintiffs re-allege all paragraphs above as if fully set forth here.

43. *Mathews v. Eldridge* , 424 U.S. 319, 333, instructs court to balance three factors to determine whether procedural due process is satisfied: (1) the private interest at issue;(2) the risk of erroneous deprivation of that interest through the procedures used, and the probable value , if any , of additional procedural safeguards; and, (3) the government's interest , including fiscal and administrative burden that additional or substitute procedural requirement entail.

44. The first factor, the private interest at issue ,favors Petitioner. "Freedom from imprisonment-from government custody, detention, or other forms of physical restraint-lies at the heart of the liberty that[the Due Process]Clause[of the Fifth Amendment] protect."*Zadvydas v. Davis* ,533 U.S. 678, 690.

45. The second factor ,the risk of erroneous deprivation of liberty and the probable value of procedural safeguards, factor Petitioner. To safeguards against erroneous deprivations of liberty, statute specifies the limited number of reasons that an order of supervision can be revoked. The Petitioner Detention violates his release under his statutory right to be released from custody under the (BRA). Petitioner was released on bond the 14th January 2021 pending trial under the Bail Reform Act (BRA). Here, as a result of Petitioner being detained ,his right under the speedy trial Act has been violated. A defendant in a criminal case must be tried within 70 days from the filing date of the information or indictment,or from the date defendant first appeared before a Judicial officer of the Court , whichever occurs later. Here , defendant first appeared 24th November 2020, and his indictment was returned 17th march 2022 that alone Violate the Speedy Trial Act .

46. The third factor, the government's interest, also favors Petitioner. When the government ignores law that ensures notice and an opportunity to respond to a person at risk of revocation of an order of supervision,it is more likely to waste limited financial and administrative resources on unnecessary detention of people ,such as Mr. ADJABENG HAYFORD, who are neither flight risks nor dangerous. This waste drags down the efficiency of the entire immigration system. And because the government must also spend resources defending against a bivens claim petition in federal court to compel respondent comply with law, requiring respondent to instead provide notice and meaningful opportunity to respond prior to revoking an order of bail release reduces fiscal and administrative burdens on the government.

47. For these reason,revoking Petition's order of bail release under the Bail Reform Act(BRA) and meaningful opportunity to respond violated procedural due process under the fifth Amendment to the U.S. Constitution.

48. Under BRA, a court may temporarily detain for a period of not more than 10 days , the appropriate official of the (Department of Homeland Security) if the official fails or declines to take such person into custody during that period,such person shall be treated in accordance with the other provision of [the BRA],notwithstanding the applicability of other provisions of LAW governing release pending trial or deportation or exclusion proceedings."18 U.S.C § 3142(d). One of the primary purpose of the BRA is to ensure the appearance of criminal defendants at judicial proceedings.

## SPEEDY TRIAL AND DUE PROCESS VIOLATION
## SPEEDY TRIAL ACT

48. The State of South Carolina alleged Criminal Charges have been on going for over 5 years and over 3 years after the indictment of the defendant, seventy days have long passed. Petitioner investigatory , prosecutorial process has been violated a federal constitutional or statutory right ., See *United States v. Barrena-Moreno,* 951 f. 2d,1089,1092(9th Cir.1991) Guided by consideration of Justice, and in the exercise of supervisory powers,federal Court may ,within limit, formulate procedural rules not specifically required by the constitution or the congress .

49.The purses underlying use of the supervisory powers are threefold: to implement a remedy for violation of recognized right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury ;and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting,*461 U.S. 499,505 , 103 S.Ct 1974, 76 L.Ed.2d 96(1983)(internal citations and quotations omitted).with prejudice was warranted, because after Petitioner was released pending trial under the Bail Reform Act(BRA),, The executive Branch was obligated to either abandon the criminal prosecution and proceed with removal proceedings or stay removal and release the petitioner pending custody under BRA ,as well as his Sixth Amendment right.

50. The sixth amendment to the United State Constitution provides. "In all criminal prosecution, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI. Similarly,the South Carolina Constitution provides that any person charged with an offense shall enjoy the right to a speedy and public trial." S.C. Constitution. Art. I, § 14. A speedy trial means a trial without unreasonable and unnecessary delay. *State v. langford,* 400 S.C .421,441,735 S.E.2d 471,482(2012) (quoting *Wheeler v. State,* 247 S.C. 393,400,147 S.E.2d 627 , 630 (1966)). The remedy for a speedy trial violation is dismissal of charges. *Langford ,* 400 S.C . at 442, 735 S.E.2d at 482 ( internal citation ommited).

51. **An accused's speedy trial right begins when he is indicted,arrested, or otherwise officially accused.** "*Langford,* 400 S.C. At 442, 735 S.E.2d at 482 (citing *United States v. MacDonald*, 456 U.S. 1, (1982)). To trigger a speedy trial analysis, the accused must allege that the interval between accusation and trial has crossed the threshold diving ordinary from presumptively prejudicial "delay,since ,by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact , prosecuted with customary promptness. *Doggett v. U.S.,* 505 U.S. 647,652 (1992).

52. Presumptively prejudicial delay exists when an accused is not persecuted with the ordinary promptness. See Doggett , 505 U.S. At 651-52(1992). Once the accused has met this initial burden, a court must look to four factor. among the totality of the circumstances, to decide whether the defendant's right to a speedy trial has been denied. *Barker v. Wingo*,407 U.S 514,530-31(1972); *See also Langford,* 400 S.C. At 441,735 S.E.2d at 482. these factors are (1) Length of the delay; (2) the reason for the delay; (3) the accused's assertion of his right to speedy trial; and (4) whether the delay prejudiced the accused. Barker at 531-32. A speedy trial claim must be "analyzed in term of the circumstance of each case, balancing the conduct of the prosecution and the defense." State v. Pittmen, 373 S.C. 527, 549,647 S.E.2d 144,155 (2008) ( citing Barker, 407 U.S. At 530).

11

53. A Federal court should not equitable interfere with state criminal proceedings , absent extraordinary of circumstances. In *Younger v. Harris*, 401 U.S. 37 (1971), The Supreme Court held that a federal court should not interfere with state proceedings "except in the most narrow and extraordinary of circumstances ." *Gilliam v. Foster*, 75 F .3d 881, 903 (4ᵗʰ Cir . 1996 ) . *Younger* noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S at 43-45; see also *sprint Commc'ns. inc v. Jacobs* , 571 U.S 69 , 72 – 73 ( 2013) ( explaining the circumstances when younger abstention is appropriate) . From Younger and its progeny , the Fourth Circuit of Appeals has culled the following test to determine when abstention is appropriate (1) there are ongoing state judicial proceeding; (2) the proceeding implicate important State interest; and (3) there is an adequate opportunity to raise federal claim in state proceedings." *Martin Marietta Corp. v. Md Comm'n on Human Relations* , 38 F. 3d 1392 , 1396 (4th Cir. 1994) ( citing *Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n* 457 U.S 423,432(1982)).

54. Here, the first criterion is met , as the petitioner is involved in ongoing state criminal proceedings. As for the Second criterion, the Supreme Court has stated that the 'States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of consideration that should influence a Court considering equitable type of relief *Kelly v. Robinson* , 479 U.S 36, 49 ( 1986) . The Court also addressed the Third criterion in nothing "'that ordinarily a pending State prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional right'" *Gilliam*, 75 F. 3d at 304 ( *quoting Kugler v . Helfant* , 421 U.S. 117 , 124 ( 1975)).   Here , the Petitioner has been denied that opportunity to argue that his speedy trial right have been violated , that he has been denied effective counsel , and that evidence of his guilt has been fabricated as of the South Carolina State court proceedings.

55. In the year i was arrested and charged in South Carolina and the return of the Indictment, The South Carolina Code Of Laws Stated Section 16-3-29 - "A person who, with intent To kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense Of attempted murder. This section also required bodily injury as an element to the crime for which i was charged. First and foremost, In my defense, I did not discharge my Licensed weapon in an attempt to kill with malicious aforethought or intent. The alleged victims for whom the State has Charged me were attempting to rob me again , Firing several Shots (6) at into my front passenger side door of my vehicle first. In Accordance with the Constitutions of The United States Of America And The State Of South Carolina I have the right to Stand My Ground And Defend Myself And Property.

56. The Fifth and 14th Amendments of the U.S Constitution and Article 1, Section 3 of the South Carolina Constitution provide the right to due process. The right ensure that a person charged with criminal offense is not deprived of liberty , life or property without due process of law. It guarantees fairness, Justice and protection of individual right during arrest , investigation or trial.

57. Due process refers to fair procedure, which encompasses the following:

58. **Fair trial :** Due process states that criminal proceedings must be conducted impartially , justly according to the established rules and procedures.

59. **Impartial tribunal :** Fair trial requires an impartial and unbiased judge and jury to hear cases. The trier of facts and law must be free from prejudiced, and the case must be adjudicated based on evidence and law.

60. **Presumption of innocence :** The presumption of innocence states that the defendant is innocent until proven guilty . Until the defendant goes through a fair trial , they cannot be convicted and sentenced for a criminal offense.

13

61. **Burden of proof on the prosecution :** The prosecutor in a criminal case must prove beyond reasonable doubt that the defendant is guilty of the offense they were charged with. This burden of proof includes presenting evidence and persuading the court of the accused individual's guilt.

62. 49. Double Jeopardy. protects people from being tried for the same crime twice in court of law. The clause is found in the fifth Amendments of the United States Constitution, where is was included to prevent the Government from erroneously or maliciously convicting innocent people , and protect people from the consequence of successive prosecutions. Its also help to persevere the finality of a criminal proceedings. The case *Benton v. Maryland* set a precedent stating that double jeopardy law extends to both state and federal criminal cases Prior to this U.S Supreme Court ruling, the double jeopardy clause of the Constitution only protect defendant's facing federal charges.

14

## PRAYER FOR RELIEF

**WHEREFORE,** petitioner prays that this Honorable Court to grant the following relief:

1. Issue an Order

A. Declaring that petitioner continued detention is not authorized by the DHS and/or violates the Fifth Amendment;

B. Granting this petition for a UNDER 42 U.S.C § BIVENS CLAIM and releasing petitioner under an order of supervision;

C. Grant any other and further relief this court may deem appropriate.

I affirm, under penalty of perjury , that the foregoing is true and correct.

15

## CONCLUSION

Wherefore, the reason stated above the petitioner respectfully ask that this honorable Court order Petitioner immediate release from Detention.

Respectfully Submitted

By:

ADJABENG MAYFORD
FOLKSTON ICE
PROCESSING CENTER
P.O Box 248,3026 HIGHWAY
252 EAST
FOLKSTON GA, 31537

Date:04-02-2026

16

# CERTIFICATE OF SERVICE

Petitioner's hereby certify that on this  04/02/2026 the original print and true copy of the forgoing Motion has been place in an envelop , postage paid and handed to Mail Room Clerk at Folkston Processing  Center for forwarding to the


        CLERK OF U.S. DISTRICT COURT
SOUTHERN DISCTRICT COURT OF GEORGIA
WAYCROSS,BRUNSWICK GEORGIA


                                        ADJABENG HAYFORD
                                        FOLKSTON ICE
                                        PROCESSING CENTER
                                        P.O Box 248,3026 HIGHWAY
                                        252 EAST
                                        FOLKSTON GA, 31537


Date:03/02 /2026

FROM ADJABENG HAYFORD
FOLKSTON ICE PROCESSING
CENTER
P.O. BOX 248, 3026 HWY 252 E
FOLKSTON, GA 31537

quadient
FIRST-CLASS MAIL
IMI
$002.44
04/03/2026 ZIP 31537
043M31267474
US POSTAGE

TO United States Court
For the Southern District
of Georgia
P.O. Box 1636
Brunswick, GA 31521

INSPECTED BY
APR 07 2026
U.S. Marshals Service/SGA